**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| INDIAN HARBOR INSURANCE COMPANY, SUCCESSOR-IN-INTEREST TO CATLIN SPECIALTY INSURANCE COMPANY, | ) ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| vs. | ) ) | C.A. NO. _____ |
| FCCI INSURANCE COMPANY and NAVIGATORS SPECIALTY INSURANCE COMPANY, | ) ) ) ) | |
| **Defendants.** | ) ) ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT**

Plaintiff INDIAN HARBOR INSURANCE COMPANY, pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Uniform Declaratory Judgments Act, files its Original Complaint for Breach of Contract and Declaratory Judgment and states as follows:

**PARTIES**

1.      Plaintiff INDIAN HARBOR INSURANCE COMPANY is the successor-in-interest to Catlin Specialty Insurance Company ("Catlin") and a corporation duly organized and existing under the laws of the state of Delaware with its principal place of business located in Stamford, Connecticut and engages in the business of insurance.

2.      Upon information and belief, Defendant FCCI INSURANCE COMPANY ("FCCI") is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in the State of Florida and engages in the business of insurance.

- 1 -

Defendant, FCCI INSURANCE COMPANY, may be served with citation and process by serving its registered agent, Registered Agent Solutions Inc., at 5301 Southwest Parkway, Suite 400, Corporate Center One, Austin, Texas 78735. Plaintiff requests issuance of citation at this time.

3.     Upon information and belief, Defendant NAVIGATORS SPECIALITY INSURANCE COMPANY ("Navigators") is a corporation organized an existing under the laws of the State of New York with its principal place of business in the State of New York and engages in the business of insurance. Defendant, NAVIGATORS SPECIALITY INSURANCE COMPANY, may be served with citation and process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201. Plaintiff requests issuance of citation at this time.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that Catlin and Defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial portion of the events giving rise to the claim occurred in Harris County, Texas.

## FACTUAL BACKGROUND

6.     This lawsuit concerns insurance coverage issues arising out of the conversion of the former River Oaks Apartments to condominiums, now known as River Oaks, located at 3433 Westheimer Road in Houston, Texas.

7.     Catlin issued a commercial general liability policy to, among others, G.T Leach Constructors, LLC ("G.T. Leach"), bearing Policy Number GLA-904817-1217, with a policy

period of December 15, 2015 to August 31, 2018 (the "Catlin Policy"). The Catlin Policy

provides, in pertinent part, that it is excess over any and all other coverage provided to G.T.

Leach as an additional insured.

8.      Upon information and belief, FCCI issued the following commercial package

policies to Outdoor Elements LLC ("Outdoor"):  Policy No. CPP0022875 1, with a policy period

of July 29, 2016 to July 29, 2017, and Policy No. CPP100059385-00, with a policy period of

July 29, 2020 to July 29, 2021 (hereafter collectively "FCCI Policies"). G.T. Leach qualifies as

an additional insured under the FCCI Policies with respect to the subject condominium

development.

9.      Upon information and belief, Navigators issued commercial general liability

policies to Gilbert Plumbing Company, LLC ("Gilbert") including Policy No. SF16CGL2011171

with a policy period of from October 11, 2016 to October 11, 2018 ("Navigators Policies"). G.T.

Leach qualifies as an additional insured under the Navigators Policies with respect to the subject

condominium development.

10.     Upon information and belief, G.T. Leach entered into a subcontract with Outdoor

for work on the subject condominium project. The subcontract, in paragraph 1.1, described

Outdoor's scope-of-work as including "landscape, hardscape, irrigation and swimming pool,

fountains". Attachment A.1 to Outdoor's subcontract detailed Outdoor's scope-of-work, and

provides, in pertinent part:

### HARDSCAPE
\*\*\*

26. The Subcontractor will provide all material, labor and
equipment to install all planter walls, stair walls and seat walls as
shown in the contract drawings.

Moreover, change order number 1 was for Outdoor's waterproofing work on the north garage wall.  The contract between G.T. Leach and Outdoor provided that "[G.T. Leach] and Owner Parties shall be named as an additional insured as its interests may appear, pursuant to an additional insured endorsement and shall be furnished with the insurance certificate and be in form acceptable to [G.T. Leach]."

11.       Upon information and belief, on or about April 14, 2016, G.T. Leach entered into a subcontract with Gilbert for work on the subject condominium project. The subcontract, in paragraph 1.1, described Gilbert's scope-of-work as "Plumbing."  Attachment A.1 to Gilbert's subcontract detailed Gilbert's scope-of-work and provides, in pertinent part:

> 1. Subcontractor to provide and install all material, equipment, and labor to install the Domestic Water System;
>
> ***
>
> 3. Subcontractor to provide and install all material, equipment, and labor to install the Sanitary Drainage System;
>
> 4. Subcontractor to provide and install all material, equipment, and labor to install the Roof/Storm Drain System;
>
> ***
>
> 8. Subcontractor to provide and install all material, equipment, and labor to install the Excavation and backfill of trenches necessary for plumbing installation.
>
> 9. Subcontractor to provide all material (stops, etc.), equipment, and labor to install the Plumbing Fixtures.
>
> ***
>
> 22. Subcontractor to provide and install all material, equipment, and labor to install all floor drains for the project.
>
> ***
>
> 27. Subcontractor to provide and install all material, equipment,

and labor to install all backflow preventers shown on the contract drawings, specifically including those necessary for the swimming pool and irrigation system.

12.     The contract between G.T. Leach and Gilbert provided that "[G.T. Leach] and Owner Parties shall be named as an additional insured as its interests may appear, pursuant to an additional insured endorsement and shall be furnished with the insurance certificate and be in form acceptable to [G.T. Leach]."

13.     On July 26, 2018, G.T. Leach filed its Original Petition in Cause No. 2018-49638 against Arel River Oaks, LLC ("Arel") and Arel River Oaks Mezz, LLC in the District Court of Harris County, Texas. Arel filed its Original Complaint against G.T. Leach the next day, on July 27, 2018, in the United States District Court for the Southern District of Texas. On August 1, 2018, G.T. Leach's State Court action was removed to Federal Court. The United States District Court for the Southern District of Texas consolidated the cases and realigned Arel as the Defendant and Counter-Plaintiff, in Case No. 4:18-cv-2654 ("*Arel* Lawsuit"). On April 29, 2022, the United States District Court for the Southern District of Texas remanded the *Arel* Lawsuit to the 269th Judicial District Court of Harris County, Texas, where the consolidated action was reassigned Cause No. 2018-4963.

14.     Arel's Fourth Amended Counterclaim, filed on April 26, 2021, in the *Arel* Lawsuit is its operative pleading pending against G.T. Leach. The Fourth Amended Counterclaim alleges damages occurring in the respective policy periods caused by an occurrence and arising out of and/or involving the work of Gilbert and Outdoor.  In the Fourth Amended Counterclaim, Arel River Oaks, LLC alleges claims against G.T. Leach for "defective and negligently performed work causing leaks in the garage and areas of ponding throughout the Project."  Additionally, Arel River Oaks, LLC claims leaks due failure to slope the substrate;

D/851569.1

planters leaking due to inconsistent waterproofing, missing slope substrate, missing rock layer, lack of drainage, and missing drain mat; water penetrating a garage wall and entering the garage due to lack of waterproofing, lac of water stop, and insufficient drainage; water ponding due to lack of drains/drainage and slope of sidewalk; water stains due to failure of sloping from terrace to gutter and improper/missing waterproofing; improper sloping of balcony; and failing exterior sealant.

15.     On May 26, 2022, The Rivers Oaks Condominium Owners Association (the "Association") filed an action against Arel, Arel River Oaks Mezz, LLC, G.T. Leach, and others Cause No. 2022-31785, *The River Oaks Condominium Owners Association vs. Arel River Oaks, LLC a/k/a Arel Capital d/b/a The River Oaks Condominiums*, et al., 129th Judicial District Court of Harris County, Texas (the "*Association* Lawsuit").

16.     The Association's operative pleading is its First Amended Petition, filed on November 17, 2022. The First Amended Petition alleges damages occurring in the respective policy periods caused by an occurrence and arising out of and/or involving the work of Gilbert and Outdoor.

17.     On March 1, 2023, the District Court for the 269th Judicial District of Harris County, Texas entered an order consolidating the *Association* Lawsuit with and into the *Arel* Lawsuit.

18.     G.T. Leach tendered its defense of the *Arel* Lawsuit to Catlin, and Catlin agreed to provide G.T. Leach with a defense subject to a reservation of rights. To date, Catlin has incurred in excess of $125,000 in defending G.T. Leach and will continue to incur substantial defense costs and expenses in providing G.T. Leach a defense in the *Arel* Lawsuit.

19.     Commencing on or about August 20, 2021, tenders of the defense of G.T. Leach

in the *Arel* Lawsuit were made to FCCI under the FCCI Policies. Commencing on or about September 27, 2022, tenders of the defense of G.T. Leach in the *Association* Lawsuit were made to FCCI under the FCCI Policies. To date, FCCI has refused and continues to refuse to participate in the defense of G.T. Leach in these now consolidated actions despite having an obligation to do so.

20.     Commencing on or about June 3, 2021, tenders of the defense of G.T. Leach in the *Arel* Lawsuit were made to Navigators under the Navigators Policies. Commencing on or about September 27, 2022, tenders of the defense of G.T. Leach in the *Association* Lawsuit were made to Navigators under the Navigators Policies. To date, Navigators has refused to and continues to refuse to participate in the defense of G.T. Leach in these now consolidated actions despite having an obligation to do so.

21.     A dispute between the parties has arisen regarding whether FCCI and Navigators have any duty to defend and/or indemnify G.T. Leach as a result of the allegations against it in the now combined action, Cause No. 2018-4963.

22.     An actual controversy exists between the parties because Catlin believes that FCCI and Navigators' policies provide coverage and that they have a duty to defend and/or indemnify whereas FCCI and Navigators have refused to provide coverage and/or a defense to G.T. Leach in the now combined action, Cause No. 2018-4963.27. As a result of the coverage dispute herein, Catlin has been required to engage the services of the undersigned to prosecute this Lawsuit and has been forced to incur reasonable, necessary and customary attorney's fees and expenses.

23.     As a result of payments made by Catlin, Catlin is subrogated to G.T. Leach's rights under the FCCI and Navigators Policies.

D/851569.1

## CAUSES OF ACTION

## BREACH OF CONTRACT

24.     Catlin incorporates by reference, as if fully set forth herein, paragraphs 1 through 23, inclusive.

25.     The allegations in the *Arel* Lawsuit constitute an occurrence that caused property damage to occur within the FCCI and Navigators' policy periods and resulting from or arise out of Outdoor and/or Gilbert's work.

26.     G.T. Leach is an additional insured under the FCCI and Navigators' policies of insurance and those policies are primary to any and all other insurance afforded to G.T. Leach.

27.     The allegations in the consolidated action, Cause No. 2018-4963 potentially trigger coverage under the FCCI and Navigators' policies of insurance and therefore Defendants have a duty to defend and/or indemnify G.T. Leach as a result of the allegations contained in the *Arel* Lawsuit.

28.     FCCI and Navigators' failure to provide a defense to G.T. Leach constitutes a breach of their policies of insurance and has damaged Catlin and G.T. Leach.

29.     As a result of FCCI and Navigators' breach of contract, Catlin is entitled to recover its reasonable, necessary and customary attorney's fees and expenses for bringing this suit pursuant to Chapter 38 of the Texas Civil Practices and Remedies Code.

## DECLARATORY JUDGMENT

30.     Catlin incorporates by reference, as if fully set forth herein, paragraphs 1 through 29, inclusive.

D/851569.1

31.     A dispute between the parties has arisen regarding whether FCCI and Navigators have any duty to defend and/or indemnify G.T. Leach as a result of the allegations against it in Cause No. 2018-4963.

32.     An actual controversy exists between the parties because Catlin believes that FCCI and Navigators' policies provide coverage and that they have a duty to defend and/or indemnify whereas FCCI and Navigators' have refused to provide coverage and/or a defense to G.T. Leach in Cause No. 2018-4963.

WHEREFORE, PREMISES CONSIDERED, Plaintiff INDIAN HARBOR INSURANCE COMPANY respectfully prays that this Honorable Court: declare that Defendants FCCI INSURANCE COMPANY and NAVIGATORS SPECIALITY INSURANCE COMPANY's policies of insurance provide coverage for the allegations against G.T. Leach in Cause No. 2018-4963; declare that FCCI INSURANCE COMPANY and NAVIGATORS SPECIALITY INSURANCE COMPANY have a duty to defend and indemnify G.T. Leach in Cause No. 2018-4963; declare that Defendants' policies of insurance are primary; award INDIAN HARBOR INSURANCE COMPANY the attorney's fees and expenses incurred by Catlin in providing G.T. Leach a defense in the Cause No. 2018-4963; award INDIAN HARBOR INSURANCE COMPANY its reasonable, customary and necessary attorney's fees and expenses incurred in bringing this lawsuit; and award such other and further relief this Court may deem just and proper.

RESPECTFULLY SUBMITTED,

GAUNTT KOEN BINNEY & KIDD LLP


By: _____
    W. Chris Surber
    Texas Bar No. 24064052
    Southern Dist. Fed. ID: 1007934
    Attorney in Charge
    Ling E. Dai
    Texas Bar No. 24074104
    Southern Dist. Fed. ID: 1733805
25700 I-45 North, Suite 130
Spring, Texas 77386
Telephone:    281-367-6555
Facsimile:    281-367-3705
Email:    chris.surber@gkbklaw.com
Email:    ling.dai@gkbklaw.com
Attorneys for Plaintiff

- 10 -

D/851569.1